UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PERRY A. DAVIS,

    Plaintiff,

v.                                              Case No. 1:07-CV-156

DENNIS STRAUB, et al.,             HON. GORDON J. QUIST

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Defendants' Objections to the report and recommendation dated February 11, 2008. The Court has also received Plaintiff's response to Defendants' Objections. In his report and recommendation, Magistrate Judge Brenneman recommended that Defendants' motion to dismiss based upon Plaintiff's failure to exhaust his administrative remedies be denied.[1] Regarding Grievance No. SLF 04-03-006652-07a, the magistrate judge concluded that Plaintiff properly exhausted the grievance only against Defendant Renico. However, he concluded that Defendants failed to show that Plaintiff did not properly exhaust his administrative remedies with regard to Grievance No. SLF-06-07-1289-28e. In particular, the magistrate judge observed that while Plaintiff's Step I grievance was not timely under MDOC Policy Directive 03.02.130, the Step II and Step III respondents for the MDOC considered the merits of the grievance and did not reject it as untimely.

---

[1] The magistrate judge referred to Defendants' motion as a motion for summary judgment and recited the summary judgment standard. He did not indicate why he treated the motion to dismiss as a motion for summary judgment. Because Plaintiff attached the grievances to his complaint and referred to them in his complaint, the magistrate judge should have treated the motion as a motion to dismiss. *See Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (noting that documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss without converting the motion into one for summary judgment). However, his application of the wrong motion standard is immaterial to the Court's resolution of this matter.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted.

In their Objections, Defendants concede that the magistrate judge was correct in concluding that Plaintiff properly exhausted Grievance No. SLF 04-03-006652-07a against Defendant Renico and that Plaintiff's claim against him should continue for a decision on the merits. They contend, however, that the magistrate judge's recommendation should be rejected because *Woodford v.Ngo*, 548 U.S. 81, 126 S. Ct. 2378 (2006), requires that a plaintiff follow a state's procedures in exhausting his administrative remedies, and Plaintiff failed to adhere to proper procedures by filing an untimely grievance. Although Defendants concede that the respondents addressed the merits of Plaintiff's grievance at Steps II and III, they assert that the review was merely cursory and thus barely enough to constitute a "substantive" review of the merits.

As the magistrate judge correctly noted and as Defendants concede, neither the Step II nor the Step III reviewer rejected the grievance as untimely, nor were they required to do so. (MDOC Policy Directive 03.02.130 ¶ G, effective 12/19/03 (stating that a "[a] grievance *may* be rejected for any of the following reasons," including untimeliness (italics added)).) As another court in this District has observed, "[i]f a plaintiff takes advantage of the grievance process and a state accepts the plaintiff's grievance and considers it on the merits, then the state will not be heard to complain that the grievance was not properly exhausted." *Grear v. Gelabert*, No. 1:07-CV-203, 2008 WL 474098, at *2 (W.D. Mich. Feb. 15, 2008). *See also Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004) ("If a prison accepts a belated filing, and considers it on the merits, that step makes the filing proper for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court."), *abrogated on other grounds by Jones v. Bock*, 127 S. Ct. 910 (2007).

The Court has reviewed both the Step II and Step III grievance responses and agrees with the magistrate judge that the reviewers address them on the merits. Even if the reviewers gave the claim only "cursory" review, as Defendants contend, the fact remains that the grievance was not rejected as untimely at Steps II and III and, thus, it must be deemed properly exhausted under MDOC procedures. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 11, 2008 (docket no. 12) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss For Failure To Exhaust Administrative Remedies (docket no. 7) is **DENIED**.


Dated: March 13, 2008                   /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE